IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
WILLIAM H. WEST, III and        )
WILLIAM H. WEST, IV,            )
                                )
            Plaintiffs,         )
                                )
       v.                       )    1:10CV936
                                )
ROBERT E. HOUCHIN, SR., d/b/a   )
TEXAS AMUSEMENTS,               )
                                )
            Defendant.          )
```

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the undersigned United States Magistrate Judge for a recommended ruling on Defendant's Motion to Dismiss (Docket Entry 8). For the reasons that follow, the Court should grant Defendant's motion.

BACKGROUND

The following facts are alleged in Plaintiffs' Complaint (Docket Entry 1):

Defendant is in the business of designing, manufacturing and selling machines which allow individuals to engage in various types of gaming activities through the internet. (See id., ¶ 8.) On July 3, 2008, Plaintiffs entered into a contract with Defendant for the purchase of one hundred of Defendant's gaming machines, together with the software required for each, for the price of $175,000. (See id., ¶ 10.) After Plaintiffs delivered a check to

Defendant for the full $175,000 purchase price, Defendant delivered only ten of the one hundred gaming machines. (See id.) The remaining ninety machines were never delivered. (See id., ¶ 12.)

Plaintiffs filed a Complaint in this Court, based on diversity jurisdiction (see id., ¶ 3), alleging (1) "Breach of Contract" (id., ¶¶ 7-15); (2) "Conversion" (id., ¶¶ 16-21); (3) "Unfair and Deceptive Trade Practices" (id., ¶¶ 22-25); and (4) "Constructive Trust" (id., ¶¶ 26-28). In response, Defendant filed the instant motion to dismiss, "mov[ing] the Court to dismiss Plaintiffs' claims of conversion, unfair and deceptive trade practices, and constructive trust for failure to state a claim upon which relief can be granted" pursuant to Fed. R. Civ. P. 12(b)(6). (Docket Entry 8 at 1.)

## Legal Standard

"A federal court, sitting in North Carolina in a diversity case, must apply the law as announced by the highest court of that state or, if the law is unclear, as it appears the highest court of that state would rule." Brendle v. General Tire & Rubber Co., 505 F.2d 243, 245 (4th Cir. 1974). Although the Court looks to North Carolina law in analyzing Plaintiff's substantive claims, "pleading standards are a matter of procedural law governed in this Court by federal, not state, law." McFadyen v. Duke Univ., 786 F. Supp. 2d 887, 920 (M.D.N.C. 2011) (Beaty, C.J.) (citing Jackson v. Mecklenburg Cnty., N.C., No. 3:07-cv-218, 2008 WL 2982468, at *2

(W.D.N.C. July 30, 2008) (unpublished) ("North Carolina substantive law applies to the elements of Plaintiff's state law claims, but the Federal Rules of Civil Procedure govern procedural law and North Carolina pleading requirements, so far as they are concerned with the degree of details to be alleged, are irrelevant in federal court even as to claims arising under state law.") (internal quotation marks and citations omitted)). Under the applicable federal pleading standard, a complaint fails to state a claim if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

Discussion

*A. Plaintiffs' Claim for Conversion*

Plaintiffs allege that "Defendant converted [the gaming machines and software] to his own use and purpose while retaining the purchase price thereof which had been paid in full by

Plaintiffs and accepted by Defendant." (Docket Entry 1, ¶ 18.) Plaintiffs further allege that, "without authority or permission from Plaintiffs, Defendant sold and transferred the ninety (90) gaming machines and associated software which had not been delivered to Plaintiffs to one or more individuals or entities in the State of Ohio." (Id., ¶ 19.) Defendant contends that, "[b]ecause the goods were not delivered to Plaintiffs, Plaintiffs never acquired ownership of such goods" and, therefore, Plaintiffs cannot maintain a claim for conversion. (Docket Entry 12 at 1-2.) Defendant's argument has merit.

Under North Carolina law, "[t]he tort of conversion is well defined as 'an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights.'" Peed v. Burleson's, Inc., 244 N.C. 437, 439, 94 S.E.2d 351, 353 (1956) (quoting 89 C.J.S. Trover & Conversion, § 1). A cause of action for the tort of conversion consists of (1) ownership in the plaintiff and (2) a wrongful conversion by the defendant. Lake Mary Ltd. P'ship. v. Johnston, 145 N.C. App. 525, 532, 551 S.E.2d 546, 552 (2001) (internal citations omitted). "The party claiming conversion must prove that it retained lawful ownership in the chattel and a right to immediate possession." Variety Wholesalers, Inc. v. Salem Logistics Traffic Services, LLC, ___ S.E.2d ___, ___, 2011 WL 3113111, at *4 (N.C. App. 2011). "A

successful claim of conversion requires that the plaintiff maintain a right of possession superior to that of the alleged converter from the time of the disputed action through the time of suit." Interstate Narrow Fabrics, Inc. v. Century USA, Inc., 218 F.R.D. 455, 467 (M.D.N.C. 2003) (Tilley, C.J.) (citing United States v. Curritcuk Grain, Inc., 6 F.3d 200, 205 (4th Cir. 1993)).

On the instant facts, Plaintiffs have failed to allege ownership or a superior possessory interest in the ninety undelivered gaming machines. As a dispute involving the sale of goods, the parties' rights are governed by the Uniform Commercial Code ("UCC") as codified in Chapter 25 of the North Carolina General Statutes. Specifically, the UCC provision governing the passing of title states in relevant part:

> Unless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods, despite any reservation of a security interest and even though a document of title is to be delivered at a different time or place; and in particular and despite any reservation of a security interest by the bill of lading.

N.C. Gen. Stat. § 25-2-401(2) (emphasis added).

Here, Plaintiffs have not alleged delivery of the gaming machines, and, in fact, base their claims on the non-delivery of those goods. (See Docket Entry 1.) In addition, Plaintiffs have not alleged an agreement between the parties that would alter the default provisions of N.C. Gen. Stat. § 25-2-401(2). (See id.)

Accordingly, Plaintiffs have failed to allege an essential element for their claim of conversion and said claim should be dismissed.[1]

The undersigned notes additionally that, although independent research has failed to locate a North Carolina decision interpreting N.C. Gen. Stat. § 25-2-401(2) on similar facts, rulings from other jurisdictions, applying like provisions of their state's UCC, support this result. In Sam and Mac, Inc. v. Treat, 783 N.E.2d 760 (Ind. Ct. App. 2003), the plaintiff ordered, and paid in full for, custom cabinets from Gruda Enterprises. Id. at 763. Gruda Enterprises ceased operations before delivering said cabinets. Id. The plaintiff asked the landlord of Gruda Enterprises to open the premises to allow him to remove the cabinets, and after the landlord declined, the plaintiff brought suit against the landlord for criminal conversion. Id. The Court of Appeals of Indiana, in affirming the trial court's finding of summary judgment for the landlord, based its ruling in part on the finding that the "plaintiff does not have a possessory interest in the property." Id. at 767. Specifically, the court noted that "[Ind. Code] § 26-1-2-401(2) provides, in pertinent part, that

---

[1] The parties have devoted a large portion of their briefing to discussing North Carolina's economic loss doctrine, which provides that "[o]rdinarily, a breach of contract does not give rise to a tort action by the promisee against the promisor," North Carolina State Ports Auth. v. Lloyd A. Fry Roofing, Co., 294 N.C. 73, 81, 240 S.E.2d 345, 349 (1978), rejected in part on other grounds, Trustees of Rowan Tech v. Hammond Assoc., 313 N.C. 230, 328 S.E.2d 274 (1985). (See Docket Entry 9; Docket Entry 11.) Because Plaintiffs' claim should be dismissed due to failure to allege ownership of the goods in question, the Court need not address the merits of the parties' arguments under the economic loss doctrine.

unless explicitly agreed, title passes to the buyer at the time and place at which the seller completes his performance with respect to physical delivery of the goods." Id. at 764. The court went on to find that "[t]he record shows that Gruda Enterprises never physically delivered the cabinets to [the plaintiff] at the agreed upon destination. Therefore, we find that title did not pass under [Ind. Code §] 26-1-2-401(2)." Id. Similarly, in Huber v. Crop Prod. Servs., Inc., No. 06-14564-BC, 2007 WL 2746625, at *7 (E.D. Mich. Sept. 19, 2007) (unpublished), the Eastern District of Michigan held that purchasers' claim against a seller of fertilizer for conversion before delivery was barred by law. The court noted that under Mich. Comp. Laws § 440.2401(2) "title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods" and the plaintiff did "not assert any factual allegation of an agreement between the parties that title passes prior to delivery," Huber, 2007 WL 2746625, at *7.

Consistent with these rulings, courts interpreting facts inverse to the instant action, i.e., where the goods were delivered by the seller but not paid for, have rejected efforts by the seller to maintain an action for conversion against the buyer as title passed to the buyer upon delivery. See, e.g., Sun Coast Merch. Corp. v. Myron Corp., 393 922 A.2d 782, 800 (N.J. Super. Ct. App. Div. 2007) ("Because the goods were delivered, title passed to

-7-

[defendant]; there is nothing in the record to suggest otherwise. Accordingly, [defendant] could not be held to have converted property to which it held title."); Connecticut Valley Wholesale Florists, Inc. v. Ferris, No. CV 980410610S, 1999 WL 989599, *6 (Conn. Super. 1999) (unpublished) ("Ferris cannot prevail on the conversion claim because title to the flowers passed to Connecticut Valley when Ferris delivered the flowers to it.").

*B. Plaintiffs' Claims for Unfair and Deceptive Trade Practices and Constructive Trust*

As Plaintiffs have made clear in their Brief in Opposition to Defendant's Motion to Dismiss (Docket Entry 11), Plaintiffs' claims for unfair and deceptive trade practices and constructive trust are based on Plaintiffs' claim for conversion. (See id. at 8 ("Acts of conversion may constitute unfair and deceptive trade practices."), 10-11 ("[A] constructive trust may be imposed on the converted property or any proceeds received as a result of the sale or transfer of the converted property.").) As the undersigned has found that Plaintiffs' claim for conversion should be dismissed for failure to state a claim upon which relief can be granted, see discussion supra pp. 3-8, Plaintiffs' claims for unfair and deceptive trade practices and constructive trust should likewise be dismissed.

## Conclusion

Plaintiffs have failed to state a claim upon which relief can be granted with respect to their claim for conversion, and, accordingly, that claim should be dismissed. Because Plaintiffs' claims for unfair and deceptive trade practices and constructive trust necessarily rely on said claim for conversion, those claims should be dismissed as well.

**IT IS THEREFORE RECOMMENDED** that Defendant's Motion to Dismiss (Docket Entry 8) be **GRANTED** and Plaintiffs' claims for conversion, unfair and deceptive trade practices and constructive trust should be dismissed; however, as Plaintiffs' claim for breach of contract remains, the Clerk should schedule an initial pre-trial conference.

                                          /s/ L. Patrick Auld
                                               **L. Patrick Auld**
                                 **United States Magistrate Judge**

December 6, 2011