IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| WILLIAM H. WEST, III and<br>WILLIAM H. WEST, IV, | )<br>) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:10CV936 |
| | ) | |
| ROBERT E. HOUCHIN, SR., d/b/a<br>TEXAS AMUSEMENTS, | )<br>) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on Plaintiffs' Motion to Amend Complaint (Docket Entry 21). For the reasons that follow, the Court will deny the instant Motion.[1]

I.  BACKGROUND

The following facts are alleged in Plaintiffs' Complaint (Docket Entry 1):

---

[1] For reasons stated in Deberry v. Davis, No. 1:08CV582, 2010 WL 1610430, at *7 n.8 (M.D.N.C. Apr. 19, 2010) (unpublished), the undersigned Magistrate Judge will enter an order, rather than a recommendation, as to this matter. See also Everett v. Prison Health Servs., 412 Fed. Appx. 604, 605 & n.2 (4th Cir. 2011) ("Everett moved for leave to amend her complaint . . . to add Appellee Prison Health Services, Inc. ('PHS') as a defendant based on information obtained during discovery, and to add a state-law claim of medical malpractice against PHS. After a hearing, the magistrate judge denied Everett's motion. Everett timely objected, thereby preserving the issue for review by the district court. . . . [T]he district court could not modify or set aside any portion of the magistrate judge's order unless the magistrate judge's decision was 'clearly erroneous or contrary to law.' Fed. R. Civ. P. 72(a); 28 U.S.C.A. § 636(b)(1)(A) (2006 & Supp. 2010).").

Defendant is in the business of designing, manufacturing and selling machines which allow individuals to engage in various types of gaming activities through the internet. (See id. ¶ 8.) Plaintiffs entered into a contract with Defendant for the purchase of one hundred of Defendant's gaming machines, together with the software required for each, for the price of $175,000. (See id. ¶ 10.) After Plaintiffs delivered a check to Defendant for the full $175,000 purchase price, Defendant delivered only ten of the one hundred gaming machines. (See id.) Defendant "sold and transferred the ninety (90) [undelivered] gaming machines . . . to one or more individuals or entities in the State of Ohio." (Id. ¶ 19.)

Based on these events, Plaintiffs filed a Complaint in this Court, premised on diversity jurisdiction (see id., ¶ 3), alleging (1) "Breach of Contract" (id. ¶¶ 7-15); (2) "Conversion" (id. ¶¶ 16-21); (3) "Unfair and Deceptive Trade Practices" (id. ¶¶ 22-25); and (4) "Constructive Trust" (id. ¶¶ 26-28). In response, Defendant filed a Motion to Dismiss, "mov[ing] the Court to dismiss Plaintiffs' claims of conversion, unfair and deceptive trade practices, and constructive trust for failure to state a claim upon which relief can be granted" pursuant to Fed. R. Civ. P. 12(b)(6). (Docket Entry 8 at 1.)

The undersigned recommended dismissal of Plaintiffs' claim for "Conversion" because Plaintiffs failed to allege ownership or a

-2-

superior possessory interest in the undelivered gaming machines. (See Docket Entry 15 at 5.) Moreover, the undersigned recommended dismissal of Plaintiffs' claims for "Unfair and Deceptive Trade Practices" and "Constructive Trust" because those claims necessarily relied on Plaintiffs' claim for "Conversion." (See id. at 8.) The Court adopted the undersigned's Recommendation in full. (See Docket Entry 18.)

The instant Motion asserts that, "[i]n the course of reviewing their files, Plaintiffs located several audio recordings of conversations one or both of the Plaintiffs had with Defendant, as well as with Defendant's business associates, prior to the filing of the instant litigation." (Docket Entry 21, ¶ 6.) Per Plaintiffs, "[i]n the conversations in question, Defendant and his agents admitted that Plaintiffs' funds for the purchase of the machines in question had been received; that the machines ordered by Plaintiffs had been manufactured; that the software necessary for the operation of the machines had been installed; and that, due to an indebtedness allegedly owed by Plaintiffs to an independent entity apparently controlled by Defendant, the specific machines manufactured for Plaintiffs had been shipped to a concern in Ohio, where they were utilized in sweepstakes gaming, the proceeds from which were paid over to Defendant." (Id. ¶ 7.)

On the weight of this "newly discovered" evidence, Plaintiffs seek "to amend their [C]omplaint to add claims for fraud, unfair

-3-

and deceptive trade practices, and constructive trust" (Docket Entry 22 at 2) and to re-allege their claim for "Conversion" (see Docket Entry 21-2 at 7). Defendant opposes said amendment on the grounds of futility, including as a function of North Carolina's economic loss doctrine. (See Docket Entry 27 at 3-9.)

II. LEGAL STANDARD

Given the procedural posture of this case, Plaintiffs may "amend [their] pleading only with [Defendant's] written consent or the [C]ourt's leave." Fed. R. Civ. P. 15(a)(2). The applicable Rule further directs that "[t]he [C]ourt should freely give leave when justice so requires." Id. Under this standard, the Court has some discretion, "but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962). Reasons to deny leave to amend a pleading include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment," id.; accord Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010) ("A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile.").

"An amendment would be futile if the amended claim would fail to survive a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6)." Syngenta Crop Prot., Inc. v. EPA, 222 F.R.D. 271, 278 (M.D.N.C. 2004).[2] A plaintiff fails to state a claim when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the

---

[2] Although the Court looks to North Carolina law when analyzing Plaintiffs' substantive claims, "pleading standards are a matter of procedural law governed in this Court by federal, not state, law." McFadyen v. Duke Univ., 786 F. Supp. 2d 887, 920 (M.D.N.C. 2011) (Beaty, C.J.) (citing Jackson v. Mecklenburg Cnty., N.C., No. 3:07-cv-218, 2008 WL 2982468, at *2 (W.D.N.C. July 30, 2008)).

-5-

elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[3]

III. DISCUSSION

   *A. Conversion*

In addressing Plaintiffs' claim for conversion in the original Complaint, the undersigned noted that, because this case involves a contract for the sale of goods, the Uniform Commercial Code ("UCC") as adopted by North Carolina governs. (See Docket Entry 15 at 5.) The undersigned then noted that the UCC provision addressing the passing of title states in relevant part:

> Unless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods, despite any reservation of a security interest and even though a document of title is to be delivered at a different time or place; and in particular and despite any reservation of a security interest by the bill of lading.

N.C. Gen. Stat. § 25-2-401(2) (emphasis added). Finally, the undersigned found that because Plaintiffs did not allege delivery of the gaming machines, and, in fact, based their claims on the non-delivery of those goods (see Docket Entry 1) and because Plaintiffs did not allege an agreement between the parties that would alter the default provisions of N.C. Gen. Stat. § 25-2-401(2)

---

   [3] "[D]etermining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion . . . requires the reviewing court to draw on its judicial experience and common sense." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

-6-

(see id.), Plaintiffs failed to allege an essential element for their claim of conversion. (See Docket Entry 15 at 5-6.)

Plaintiffs now contend:

> Plaintiffs' proposed [A]mended [C]omplaint contains four [sic] specific paragraphs which enable them to make out a viable claim for conversion:
>
> 21. The machines in question were manufactured specifically for Plaintiffs and it was intended by the parties that title to the machines would pass to Plaintiffs at the time the machines were manufactured and programmed.
>
> 22. At all times pertinent to the allegations of this complaint, as each machine was manufactured and programmed, Plaintiffs were entitled to immediate possession thereof.
>
> 23. Upon information and belief, Plaintiffs allege and say that, in violation of Plaintiffs' right to immediate possession of the machines manufactured and programmed for them, Defendant converted the same to his own use and purpose while retaining the purchase price thereof which had been paid in full by Plaintiffs and accepted by Defendant. Defendant's actions as alleged herein were without Plaintiffs' approval, consent, or ratification.
>
> 24. Upon information and belief, Plaintiffs allege and say that, without authority or permission from Plaintiffs, Defendant sold and transferred the ninety (90) gaming machines and associated software which had not been delivered to Plaintiffs to one or more individuals in the State of Ohio.
>
> 25. The action of Defendant as aforesaid constituted a conversion of Plaintiffs' property because Plaintiffs had a right of possession with regard to the machines in question which was superior to that of Defendant.

(Docket Entry 28 at 4-5 (citing Docket Entry 21-2, ¶¶ 21-25).)

Plaintiffs' assertions do not change the conclusions this Court reached when addressing Plaintiffs' original Complaint. With the exception of conclusory allegations regarding the Parties' intent, Plaintiffs have offered nothing that addresses the relevant considerations provided for by N.C. Gen. Stat. § 25-2-401(2). Plaintiffs' Amended Complaint repeatedly alleges that Defendant failed to deliver the gaming machines at issue. (See Docket Entry 21-2, ¶¶ 12, 14, 17, 19, 20, 29.) Absent physical delivery, or an explicit agreement to the contrary, title of the machines remained in Defendant. See N.C. Gen. Stat. § 25-2-401(2). Plaintiffs have not alleged factual matter establishing a possessory right to the machines superior to the person or entity with title.[4] Bare

---

[4] Moreover, as in the previous Memorandum Opinion (see Docket Entry 6 at 6-7), the undersigned again finds the circumstances of the instant action substantially similar to those confronted by the Indiana Court of Appeals in Sam and Mac, Inc. v. Treat, 783 N.E.2d 760 (Ind. Ct. App. 2003), which also rejected a claim for conversion based on Indiana's corresponding provisions of the UCC. The Court also notes unpublished decisions from the United States District Courts for the District of Arizona and the Eastern District of Michigan finding the same. Huber v. Crop Prod. Servs., Inc., No. 06-14564-BC, 2007 WL 2746625, at *7 (E.D. Mich. Sept. 19, 2007) (unpublished) ("Plaintiffs allege that title passed to them at the time when they purchased the fertilizer from Defendants. Plaintiffs do not assert any factual allegation of an agreement between the parties that title passed prior to delivery. Plaintiffs' allegation that title passed before Defendants removed nutrients from the fertilizer is nothing more than a bare factual assertion. Thus, Plaintiffs' conversion claim is appropriately barred by law."); Aspect Sys., Inc. v. Lam Research Corp., No. CV 06-1620-PHX-NVW, 2006 WL 2683642, at *4 (D. Ariz. Sept. 16, 2006) (unpublished) ("Because the contract is silent on the passage of title and Defendants have not completed physical delivery of the disputed property, title has not passed. While interference with
(continued...)

assertions that the Parties "intended" for title to pass at the time of manufacture and programming of the machines and that Plaintiffs were entitled to immediate possession fall short under the standards set by Iqbal and Twombly.

   *B.   Fraud*

   Fraud consists of: "(1) [f]alse representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party."  Ragsdale v. Kennedy, 286 N.C. 130, 138, 209 S.E.2d 494, 500 (1974).  Under the Federal Rules of Civil Procedure, "[i]n all averments of fraud, duress or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  Fed. R. Civ. P. 9(b).  "[T]he 'circumstances' to be pled with particularity under Rule 9(b) are the time, place, and contents of the false representations as well as the identity of the person making the misrepresentation and what he obtained thereby."  Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999) (citations omitted).  However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be averred generally."  Fed. R. Civ. P. 9(b).

---

⁴(...continued)
some rights to possession other than title may suffice for the tort of conversion, a solely contract-based expectancy of future possession is insufficient.").

Here, Plaintiffs argue that the following assertions satisfy the specificity requirement of Rule 9(b), so as to defeat a challenge under Rule 12(b)(6):

> 29. Defendant's representations that the gaming machines would be manufactured, programmed and delivered to Plaintiffs upon receipt of the full purchase price were false at the time that they were made and were, upon information and belief, made by Defendant with the knowledge of their falsity or in culpable ignorance of their truth in that Defendant made no effort whatsoever to perform his obligations to Plaintiffs other than to deliver ten (10) of the gaming machines as set forth in Plaintiffs' First Claim for Relief. Upon information and belief, Plaintiffs allege and say that Defendant made the representations in question for the sole purpose of obtaining payment of a debt allegedly owed by Plaintiffs to an entity affiliated with Defendant.
>
> 30. These false representations made by Defendant were material in that they deceived Plaintiffs and induced them to pay the full purchase price of the gaming machines in advance in the reasonable belief that Defendant would fulfill his obligations to them.
>
> 31. Upon information and belief, these false representations made by Defendant were made willfully, with the intent that they should be acted upon by Plaintiffs, and the Plaintiffs reasonably relied and acted upon these false representations of Defendant.

(Docket Entry 28 at 9 (quoting Docket Entry 21-2, ¶¶ 29-31).) This argument lacks merit.

Plaintiffs have not alleged a single misrepresentation with the requisite specificity to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Plaintiffs' Amended Complaint only states generally that Defendants represented that "the gaming machines

-10-

would be manufactured, programmed and delivered to Plaintiffs" (Docket Entry 21-2, ¶ 29) without alleging the time (with the exception of stating that said representations took place "prior to" payment (see Docket Entry 28 at 10 n.6)) or place of the misrepresentations. Moreover, Plaintiffs' "newly discovered" evidence consists entirely of conversations which occurred after the Parties entered into the contract at issue and said contract was allegedly breached. (See Docket Entries 23-1, 23-2.) Accordingly, those statements cannot constitute the basis for a claim for fraud.

In their Reply, Plaintiffs acknowledge the absence of certain information generally recognized as required under Rule 9(b), but deny the materiality of those details:

> Plaintiffs admit that they have not alleged the precise date of the misrepresentations. However, it is clear that such were made prior to the payment of the purchase price of the machines. The place where the representation was made ought not be considered a material allegation given that Plaintiffs have been abundantly specific as to all other pertinent considerations incident to making out a case of actionable fraud.

(Docket Entry 28 at 10 n.6.) Again, the undersigned highlights that, in addition to not including the place of the representations, Plaintiffs' Amended Complaint only makes general allegations that Defendant represented that the machines would be "manufactured, programmed and delivered" and cites more specifically only statements allegedly made by Defendant after the

alleged breach.  These considerations render Plaintiffs' proposed fraud claim futile.

    *C.   Unfair and Deceptive Trade Practices and Constructive Trust*

As Plaintiffs acknowledge, "[t]he viability of Plaintiffs' claims for unfair and deceptive trade practices and constructive trust is necessarily based upon that of their claims for conversion and fraud."  (Docket Entry 28 at 10.)  Given that Plaintiffs have not stated a claim for either "Conversion" or "Fraud," their claims for "Unfair and Deceptive Trade Practices" and "Constructive Trust" necessarily fail.

IV.  <u>CONCLUSION</u>

Because Plaintiffs' proposed amendments would fail under Fed. R. Civ. P. 12(b)(6), their Motion to Amend Complaint is futile.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Amend Complaint (Docket Entry 21) is **DENIED**.


                                  /s/ L. Patrick Auld
                                     **L. Patrick Auld**
                    **United States Magistrate Judge**

July 10, 2012

-12-

Case 1:10-cv-00936-TDS-LPA   Document 29   Filed 07/10/12   Page 12 of 12